*162 OPINION.
Littleton:
Taxpayer contends that, although in 1918, 1919, and 1920, its lease had 20, 19, and 18 years, respectively, to run, the life of its mine was only 7, 6, and 5 years, respectively. This contention is based upon its claim that, at the time the property was acquired in 1917, the estimated recoverable tonnage was 500,000 tons; that it mined an average of 60,000 tons a year and should, therefore, be allowed a deduction for each of the years for obsolescence of its mine equipment in addition to the amounts allowed by the Commissioner. In view of the lack of evidence going to establish the very basis of the taxpayer’s claim, we do not find it necessary to make a decision of the question as to whether obsolescence, if any, should be measured by the life of the mine. We have no evidence of the date the property, concerning which obsolescence is claimed, was acquired, its cost, or whether its life was longer or shorter than the claimed life of the mine, or what the probable salvage value of the property would be at the end of the life of the mine. In regard to the life of the mine, it appears from the evidence that, in November, 1918, the taxpayer, in support of its claim regarding its invested capital, submitted considerable evidence to the Commissioner that *163 the tonnage of coal recoverable from its mining properties was 5,000,000 tons. We are not convinced from the evidence that on the date the lease was acquired by the taxpayer there were only 500,000 tons of coal which could be profitably mined.
For lack of proof of the life of the mine and of the elements necessary for the allowance of obsolescence of the mine equipment, and in view of the provisions of the lease, the determination of the Commissioner must be approved. Appeal of Wigwam Amusement Co., 1 B. T. A. 335; Appeal of Eimer & Amend, 2 B. T. A. 603.